(73 Misc. Rep. 354.)

### In re JOSLIN.

(Supreme Court, Special Term, Albany County. September, 1911.)

1. ELECTIONS (§ 126*)—POWERS OF EXECUTIVE COMMITTEE—APPOINTMENT OF CHAIRMAN OF TOWN COMMITTEE.

Under the rule of the Democratic General Committee of the County of Albany, the chairman of the executive committee has no power to appoint as chairman of the town committee in one of the towns of the county one not a member of the town committee of such town on the failure of the regularly appointed chairman of such town committee to post notices of a primary election within the time required by law.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 118; Dec. Dig. . § 126.*]

2. ELECTIONS (§ 126*)—PRIMARY ELECTIONS—NOTICE—JURISDICTION OF COURT.

Notice of a primary election, given after the prescribed time by the chairman of a town committee irregularly appointed as such, is ineffective for any purpose, and a justice of the Supreme Court, under Election Law (Consol. Laws 1909, c. 17) § 70, will, in the interests of justice, approve the act of the majority of the town committee in repudiating such . notice, and giving notice themselves of a primary election.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 118; Dec. Dig. § 126.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Application of Charles T. Joslin to review proceedings taken to call a primary of the Democratic Party. Application granted.

John A. Stephens, for appellant.

Daniel J. Dugan, for respondents.

CHESTER, J. The applicant invokes the summary powers of a justice of the court to review the proceedings taken to call the primary which under the law is to be held in the town of New Scotland to-morrow, the 19th day of September, 1911. The respondent challenges the jurisdiction of the justice to exercise such summary powers. Substantially the same preliminary objections have been overruled by me in several prior proceedings in unreported cases, and I see no reason, after hearing the argument of counsel in this case, for not adhering to my former rulings.

Under the rules of the Democratic General Committee of the County of Albany, it is provided that such committee shall consist of one member from each election district in the county, and that the members of the general committee residing within the town or ward shall constitute the town or ward committee. There are three election districts in the town of New Scotland, and consequently three members of the general committee from that town. Such rules also provide that "the chairman of the town committee shall be named by the chairman of the executive committee before each primary." Under this authority the chairman of the executive committee, on the 14th day of September, appointed Chester J. Long, a member of the town committee representing the Third district of the town, as chairman of the town committee. He was temporarily absent from home at the time of the appointment, in attendance at the State Fair, and therefore failed to issue and post a call as provided by the rules within the time required. On the next day, September 15th, the chairman of the executive committee assumed to appoint one John Cummings, who was not a member of the town committee, chairman thereof; and said John Cummings on that day posted notices, signed by him as chairman of the town committee, calling a primary election to be held at the Globe Hotel at Voorheesville at 7:30 o'clock p. m. on September 19th. Myron B. Earl and the petitioner, Joslin, the two members of the town committee other than Long, refused to join in such call signed by Cummings, and on the same day, September 15th, posted a call signed by them as committeemen for a primary to be held at Houck's Hotel in Clarksville at 2 p. m., September 19th.

[1] It seems to me very clear that the assumed appointment of Mr. Cummings as chairman of the town committee by the chairman of the executive committee cannot be upheld. He was not at the time a member of the town committee. He had received no commission from the Democratic electors of the town to act as such; and the chairman of the executive committee had no more power to appoint him as chairman of the town committee than he would have had, in the first instance, to have appointed him a member of the town committee for his district, or of the general committee of the county. If an appointment by the chairman of the executive committee would

be ineffective to constitute him a member of the committee from his district, so also would it be ineffective to make him chairman of a committee of which he was not a member. For these reasons, the notice posted by Mr. Cummings cannot be given any effect.

[2] The respondent's counsel also insists that the notice posted by the petitioner and Mr. Earl as members of the town committee is also void. That would undoubtedly be so if the member of the town committee who was appointed chairman thereof had given timely notice of a primary. But section 70 of the election law authorizes the justice to make such order as, under all the facts and circumstances of the case, justice may require. The Democratic electors of the town should not be left without the opportunity to participate in a primary, and, as a majority of the members of the town committee, after the failure of a duly appointed chairman to do so, have taken the responsibility of giving notice of a time and place for holding one on the legally designated primary day, I see no reason why I should not approve the act of such majority in giving such notice.

The prayer of the petitioner should be granted.

Application granted.